842 F.2d 331
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
FEDERAL DEPOSIT INSURANCE CORPORATION, in its corporate
capacity, Plaintiff- Appellee, Cross-Appellant,
v.
Horace L. GREENLEE, Defendant-Appellant, Cross-Appellee.
 Nos. 87-5504, 87-5611.
 United States Court of Appeals, Sixth Circuit.
 March 28, 1988.
 
 Before LIVELY, Chief Judge, RALPH B. GUY, Jr., Circuit Judge and COHN, District Judge.*
 PER CURIAM.
 
 
 1
 The defendant, Horace Greenlee, executed a promissory note to City & County Bank of Hawkins County, Tennessee, which failed a short time thereafter. After the FDIC was appointed receiver for the failed bank, it purchased the note in its corporate capacity and filed this action when Greenlee refused to pay the note upon demand. The FDIC filed affidavits to the effect that the bank files contained no evidence concerning the obligation except the original promissory note upon which it had been noted that a portion of the pledged personal property had been released. There was, however, no proof that any portion of the debt evidenced by the promissory note had been paid by Greenlee or anyone else. Greenlee filed a responsive affidavit claiming that he had made two payments on the note, but no receipts, cancelled checks or other evidence of payment were filed with the affidavit.
 
 
 2
 The district court found that the defendant did make the payments as claimed, but that the FDIC purchased the note in good faith, for value, and without actual knowledge of any defenses and thus was entitled to be treated as a holder in due course. Since the FDIC had no knowledge of a defense of accord and satisfaction (or payment and satisfaction), Greenlee's defense could not be sustained. The district court declined to rule on whether 12 U.S.C. Sec. 1823(e) forecloses a defense of accord and satisfaction in every case in which there is no writing. The district court also held that since the defendant must pay twice on the note in addition to interest, "it would be unjust and unfair to make him pay the attorney fees of the plaintiff in this matter." This ruling was made in spite of the fact that the note provides that in event of default the maker agrees to pay reasonable attorney fees and that the attorney for the FDIC had filed an affidavit setting forth the amount of attorney fees expended in the case.
 
 
 3
 Upon consideration of the briefs and oral arguments of counsel together with the record on appeal, this court concludes that the district court did not err in holding that the FDIC was a holder in due course under the circumstances of this case and, as such, was entitled to a full recovery on the promissory note. FDIC v. Wood, 758 F.2d 156, 161 (6th Cir.), cert. denied, 474 U.S. 944 (1985). However, the panel further concludes that the district court erred in denying attorney fees to the FDIC in light of the clear provision of the note permitting the recovery of attorney fees upon default.
 
 
 4
 The judgment of the district court awarding damages is affirmed and that portion denying the FDIC's motion for attorney fees is vacated and remanded for further proceedings to establish the amount of reasonable attorney fees to be awarded to the FDIC.
 
 
 
 *
 The Honorable Avern Cohn, Judge, United States District Court for the Eastern District of Michigan, sitting by designation